UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENNIS PREJEAN, on Behalf of Himself and Others Similarly Situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>O'BRIEN'S RESPONSE MANAGEMENT, INC.,<br><br>    *Defendant*. | CASE NO. _____<br><br>COLLECTIVE ACTION<br><br>JURY DEMANDED |

## ORIGINAL COMPLAINT

### SUMMARY

1. O'Brien's Response Management, Inc. (O'Brien's) is the largest oil spill management company in the United States.  In April 2010 O'Brien's responded to the Deepwater Horizon oil spill, the largest accidental marine oil spill in the history of the petroleum industry.  O'Brien's mobilized thousands of employees to assist in the cleanup efforts.  These employees worked in excess of twelve hours per day, six to seven days per week.  O'Brien's, however, did not pay them overtime.  Instead, O'Brien's improperly classified them as independent contractors and paid them a day rate with no overtime pay.  Accordingly, Dennis Prejean (Prejean) brings this collective action to recover unpaid overtime wages, liquidated damages, attorneys' fees and costs under the Fair Labor Standards Act (FLSA) on behalf of himself and others similarly situated.  *See* 29 U.S.C. § 201, *et seq.*

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because most of the relevant facts occurred in this district. O'Brien's employed Prejean and many other oil spill workers who are similarly situated to Prejean in its spill response headquarters in Venice, Louisiana. Other locations in this district where O'Brien's conducted operations and employed oil spill workers similarly situated to Prejean include: Hopedale, Grand Isle and Port Fourchon.

## THE PARTIES

4. Prejean was employed by O'Brien's from July 2010 to May 2011. O'Brien's classified Prejean as an independent contractor and paid him by the day with no overtime pay. In January 2011 O'Brien's reclassified Prejean and other spill workers as employees. However, O'Brien's did not pay Prejean his back wages. Prejean's written consent is attached.

5. O'Brien's employed Prejean within the meaning of the FLSA. O'Brien's is covered under the FLSA because it had gross annual sales or revenues in excess of $500,000 during each year in the limitations period and had employees who handle, sell, or work on goods or materials that have been moved in or produced for commerce, including automobiles, boats, phones, navigation equipment, office equipment, and office supplies. O'Brien's may be served by serving its registered agent, National Registered Agents, Inc., 1011 N. Causeway Blvd., Ste. 3, Mandeville, Louisiana, 70471.

## THE FACTS

6. O'Brien's hired thousands of employees to clean up the Deepwater Horizon oil spill. John Sawicki with O'Brien's hired Prejean in July 2010. O'Brien's assigned Prejean to work in its spill response headquarters in Venice, Louisiana.

7. O'Brien's and Prejean signed a "Teaming Agreement" when Prejean was hired. The Teaming Agreement set Prejean's compensation at $500 per day.

8. O'Brien's determined and set Prejean's rate of pay.

9. Sawicki and other O'Brien's employees, including Tom Wright and Jim Devaney, supervised Prejean and assigned his job duties on a daily basis. Prejean reported to these individuals on a daily basis.

10. Prejean turned in time sheets and expense reimbursement forms to Sawicki. O'Brien's maintained these and other payroll records.

11. O'Brien's paid Prejean $500 per day worked.

12. Prejean regularly worked twelve or more hours per day, seven days per week.

13. Prejean worked in several positions for O'Brien's, including staging, decontamination and beach cleanup. O'Brien's assigned Prejean to these positions.

14. Prejean managed the inventory, cleaning, deployment, and return of equipment and supplies used by oil spill cleanup crews.

15. O'Brien's provided the materials and equipment Prejean used on the job. For example, O'Brien's provided boats, safety gear, facilities and office equipment.

16. O'Brien's Teaming Agreement states O'Brien's is principally engaged in providing emergency preparedness and response management services to its clients. Prejean assisted O'Brien's in providing these services.

17. O'Brien's set payroll and other employment polices applicable to Prejean. These policies required the payment of day rates for all "project and response work." Further, O'Brien's policies state "there are no overtime allowances."

18. O'Brien's employment polices also governed many other aspects of Prejean's employment, including time keeping and expense reimbursement.

19. Prejean was not in business for himself.  He did not invest his own capital during his employment with O'Brien's.  Accordingly, he did not have an opportunity to profit from or lose an investment of any significance. Further, the few personal materials Prejean used on the job were insignificant in comparison to the resources O'Brien's invested in the oil spill cleanup.

20. Prejean did not exercise business-like initiative in locating work opportunities because O'Brien's provided his work assignments.  Further, Prejean's success did not depend on his ability to find consistent work by moving from job to job and from company to company.  Instead, O'Brien's restricted Prejean's ability to perform similar work during his employment with O'Brien's and for one year after his employment with O'Brien's.

### COLLECTIVE ACTION ALLEGATIONS

21. Prejean incorporates the preceding paragraphs by reference.

22. In addition to Prejean, O'Brien's employs hundreds of other day-rate workers who worked on the Deepwater Horizon oil spill cleanup.  Like Prejean, O'Brien's misclassified these workers as independent contractors and did not pay them any overtime premium for the hours they worked in excess of forty in a workweek.  Thus, these workers were subject to the same unlawful policy as Prejean.  These workers are collectively referred to as "the Spill Workers."

23. These day-rate workers should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  Therefore, the class is properly defined as:

> **All O'Brien's Deepwater Horizon oil spill cleanup workers who were classified as independent contractors, paid a day-rate and worked over forty hours in at least one workweek without receiving overtime pay.**

### CAUSE OF ACTION

24.     Prejean incorporates the preceding paragraphs by reference.

25.     By failing to pay Prejean and the Spill Workers overtime at one-and-one-half times their regular rates, O'Brien's violated the FLSA's overtime provisions.

26.     O'Brien's owes Prejean and the Spill Workers one-half their regular rates for all hours worked in excess of forty in a workweek.  Because O'Brien's knew, or showed reckless disregard for whether, its pay practices violated the FLSA, O'Brien's owes these wages for at least the past three years.

27.     O'Brien's is liable to Prejean and the Spill Workers for an amount equal to all unpaid overtime wages.

28.     Prejean and the Spill Workers are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

29.     Prejean demands a trial by jury.

### PRAYER

Prejean prays for relief as follows:

1.     An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Spill Workers;

2.     Judgment awarding Prejean and the Spill Workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3.     An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief to which Prejean and the Spill Workers may show themselves to be justly entitled.

Respectfully submitted,

**/s/ Derrick Earles**
By: _____
   Derrick Earles
   Louisiana Bar No. 29570
Brian Caubarreaux & Associates
144 West Tunica Dr.
Marksville, Louisiana 71351
(318) 253-0900 – Phone
(318) 253-5666 – Fax
digger@caubarreaux.com


**BRUCKNER BURCH PLLC**

**/s/ David I. Moulton**
By: _____
   David I. Moulton
   *Pro Hac Vice* Application Pending
   Texas Bar No. 24051093
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 - Telephone
(713) 877-8065 - Facsimile
dmoulton@brucknerburch.com