UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENNIS PREJEAN, et al., *Plaintiff*, v. O'BRIEN'S RESPONSE MANAGEMENT, INC., *Defendant*. | CASE NO.:  2:12-cv-1045-CJB-JCW  c/w 12-1716, 12-1533<br><br>JUDGE: BARBIER<br><br>MAGISTRATE: WILKINSON<br><br>SECTION: "J"(2)<br><br>THIS APPLIES TO ACTION NO. 12-1533 |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CASE**

Plaintiffs, Daniel Himmerite, Scott Alter, David Singletary, Craig Newberry, and Robert Brinkmeier, and Mark Massaro (Plaintiffs")[1] and Defendants O'Brien's Response Management, L.L.C. f/k/a O'Brien's Response Management, Inc. and iTransit Response LLC (the Plaintiffs and Defendants collectively referred to as the "Parties") have reached a settlement (the "Settlement") with respect to this Fair Labor Standards Act (FLSA) case bearing the caption *Himmerite v. O'Brien's Response Management, Inc.*, Civil Action No. 2:12-cv-1533, which was consolidated with Nos. 12-cv-1045 and 12-cv-1716 (the "Lawsuit"). The Settlement represents the culmination of months of investigation, litigation and negotiation, which included the production of information by O'Brien's for purposes of settlement negotiations. The Settlement, if approved, will provide meaningful relief to those affected.

This Settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or

---

[1] The Lawsuit was initially brought by five plaintiffs (Daniel Himmerite, Scott Alter, David Singletary, Craig Newberry, and Robert Brinkmeier) as a putative collective action. (See Compl., 2:12-cv-1533 (E.D. La.), ECF No. 1.) Plaintiffs have not moved for conditional certification. One additional plaintiff, Mark Massaro, has opted-in to the Lawsuit.

any violation of any of Plaintiffs' rights or of any duty owed by Defendants to Plaintiffs. Defendants expressly deny having engaged in any wrongdoing or unlawful conduct in this Lawsuit; disputes Plaintiffs' entitlement to the amounts to be paid under this Settlement absent this Settlement; and disagree with Plaintiffs as to, for example and without limitation, the number of hours Plaintiffs actually worked and Plaintiffs' status as "employees" versus independent contractors. The Parties have entered into this Settlement as a compromise to avoid the risks, distractions and costs that will result from further litigation.

The Parties jointly request the Court approve the Parties' Settlement and dismiss the Lawsuit with prejudice.

**1.    The Settlement.**

On February 18, 2015, the Parties agreed to a Settlement that provides for a confidential total monetary payment to the Plaintiffs, of which approximately one-third of the gross Settlement amount is to be paid to Plaintiffs' counsel for attorney's fees and costs. The Parties also agreed that the tolling period currently in place in this Lawsuit pursuant to In re Oil Spill, MDL No. 2179, Master File No. 2:10-md-02179-CJB-SS (E.D. La.) (the "MDL") (ECF No. 7617) (the "Tolling Order") will expire as of the dismissal of the Lawsuit, and that following the dismissal, the statute of limitations will continue to run against whatever claims non-settling putative class members to this Lawsuit, if any, may have as of the date of dismissal of the Lawsuit.[2] Pursuant to the Settlement, the Parties request that this Lawsuit be dismissed with prejudice.

---

[2] The tolling period had been ordered solely because this Lawsuit was initially consolidated with the MDL and the Lawsuit was therefore subject to certain Court-ordered stays in effect in the MDL. On October 10, 2012, following Plaintiffs' motion for equitable tolling, the MDL Court equitably tolled potential plaintiffs' claims in this Lawsuit from the date of the Complaint "until notice issues or the Court otherwise orders." (MDL, ECF No. 7617.) On September 19, 2013, the MDL court severed the Lawsuit from the MDL. (MDL, ECF No. 11443.)

2

But for the Settlement, Plaintiffs would face challenges overcoming Defendants' defenses, including, for example but without limitation, that Plaintiffs were not employees of Defendants. Further, Plaintiffs' unpaid wage figures were calculated using day-rate sheets completed by Plaintiffs, rather than location badge swipe reports, which would have resulted in many fewer hours worked.

All Plaintiffs have agreed to the Settlement in writing.

If the Court approves the Settlement, Defendants' Counsel will provide payment to Plaintiffs' Counsel within ten (10) business days following dismissal of the Lawsuit. Within five (5) business days following receipt of the payment, Plaintiffs' Counsel will distribute all payments to Plaintiffs.

**2.      The Settlement Represents a Reasonable Compromise of this Litigation.**

This Settlement provides each Plaintiff with a significant percentage of their alleged unpaid overtime wages, net of attorney's fees and costs, and under the best damage scenario Plaintiffs could hope to prove. None of the amounts being offered to the workers covered by the Settlement will be further reduced for attorney's fees, expenses or administrative costs. Instead, as part of an independent negotiation, Defendants' agreed to pay a fixed amount to cover all attorney's fees, expenses and administrative costs.

The Parties and their counsel agree the Settlement is a fair and reasonable compromise of the claims alleged by Plaintiffs in light of the procedural posture of the case, the litigation risks and the costs applicable to all Parties. The Parties engaged in arm's-length and extended settlement negotiations. Because the Settlement is a fair and reasonable compromise and adequately compensates the participants for the unpaid overtime hours alleged by the Plaintiffs, the Parties seek entry of the enclosed Order Approving Settlement and Fees.

**3.      The Attorneys' Fees and Litigation Expenses are Reasonable.**

As part of the Settlement, Defendants have agreed to pay the Plaintiffs' Counsel an amount for their attorneys' fees and litigation expenses which represents approximately one-third of the gross Settlement amount. That percentage is also pursuant to a contingency arrangement in the Professional Services Agreement between the Plaintiffs and the Plaintiffs' Counsel.

In the Fifth Circuit, the "customary contingency" is the range of 35 to 40%.[3] *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Further, "the most critical factor in determining a fee award is the degree of success obtained." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). The degree of success here is high because the Plaintiffs will recover a significant portion of their unpaid wages under a three-year statute of limitations period and using their version of hours worked, instead of Defendants'. Accordingly, the Plaintiffs believe the reduced fee of one-third is reasonable, and Defendants have no objection.

A proposed Order Approving Settlement and Fees and Dismissing the Case is attached.

---

[3] The Fifth Circuit notes this was the customary fee for cases "against the government," but Plaintiffs' counsel do not believe this distinction to be material.

Respectfully submitted,


By: /s/ David I. Moulton by permission
David I. Moulton
*Attorney-in-Charge for Plaintiffs*
Texas Bar No. 24051093
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
dmoulton@brucknerburch.com


By: /s/ Nicole A. Eichberger
NICOLE A. EICHBERGER
Louisiana Bar No. 28032
CHARLES J. STIEGLER
Louisiana Bar No. 33456

PROSKAUER ROSE LLP
650 Poydras Street, Suite 1800
New Orleans, Louisiana 70130
Telephone: (504) 310-4088
Facsimile: (504) 310-2022
Email: neichberger@proskauer.com
cstiegler@proskauer.com



KEITH M. PYBURN, JR.
Louisiana Bar No. 10914
LARRY SOROHAN
Louisiana Bar No. 26120

FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email: kpyburn@laborlawyers.com
lsorohan@laborlawyers.com

5

        JEFFREY S. KLEIN (*pro hac vice*)
        DANIEL J. VENDITTI (*pro hac vice*)
        ARYEH ZUBER (*pro hac vice*)

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York  10153
        Telephone:  (212) 310-8000
        Facsimile:  (212) 310-8007
        Email:  jeffrey.klein@weil.com
           daniel.venditti@weil.com
           aryeh.zuber@weil.com


        Attorneys for Defendant O'Brien's
        Response Management, L.L.C.




By:    /s/ M. Levy Leatherman by permission
    M. LEVY LEATHERMAN
    Louisiana Bar No. 33235

    BAKER DONELSON BEARMAN
    CALDWELL & BERKOWITZ, PC
    450 Laurel Street, North Tower 20th Floor
    Baton Rouge, LA 70801
    Telephone:     225.381.7000
    Facsimile:      225.343.3612
    Email:  lleatherman@bakerdonelson.com

    Attrorneys for Defendant iTransit Response
    LLC

**CERTIFICATE OF SERVICE**

On the date stamped above, I served this document on all parties via the Court's ECF system.


/s/ Nicole A. Eichberger
Nicole A. Eichberger